UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| PAUL D. AUBIN, DYLLON WARE<br>and, JUSTIN C. GASAWAY,<br>individually, and on<br>behalf of those similarly situated.<br><br>v.<br><br>JOHN PLASSE, Individually and in his<br>Capacity as Sheriff of Vigo County, the VIGO<br>COUNTY SHERIFF'S DEPARTMENT, and<br>JOHN DOES 1-50, Individually and<br>as employees in the Vigo County<br>Jail. | Case No:_____ |

## CLASS ACTION COMPLAINT

1. Paul Aubin, Dyllon Ware, and Justin Gasaway ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following based upon personal knowledge as to allegations regarding Plaintiffs, and on information and belief as to other allegations The Complaint alleges actions by the Defendants that negligently and unlawfully exposed Plaintiffs and others to disease, fear, anxiety, trauma and death; and that Defendants' actions constitute gross negligence and a violation of Plaintiffs' rights to equal protection under the United States Constitution; and this Complaint prays the court to remedy past and continuing violations of due process of law at the Vigo County Jail.:

## I. INTRODUCTION

2. This is a civil class action seeking monetary damages, injunctive relief, and declaratory relief on behalf of Plaintiffs against Defendants John Plasse ("Plasse"), the Vigo County Sheriff's Department ("Sheriff's Department") and all others in the Vigo County Jail ("John Does 1-50") who are responsible for the custody and care of the Plaintiffs. This class action is based on gross negligence of the Defendants, as well as violations of Plaintiffs' constitutional rights.

## II. JURISDICTION

3. The jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C. § 1343(3) and (4), this being a suit authorized by 42 U.S.C. §1983 and 1988 to redress the deprivation of rights, privileges

and immunities secured by 42 U.S.C. §1983 and the Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

### III. VENUE

4.      Venue is proper in the Southern District of Indiana under 28 U.S.C. §1391, allowing an action to be brought in the district in the state where the defendants reside or where the cause of action arose. All defendants reside and the cause of action arose in the Southern District of Indiana and all alleged conduct by Defendants occurred in the Southern District of Indiana, specifically the Vigo County Jail, located at 201 Cherry Street in Terre Haute, Indiana.

### IV. PLAINTIFFS

5. Plaintiffs Paul Aubin, Dyllon Ware, and Justin Gasaway are inmates in the Vigo County Jail and have been detained in the Vigo County Jail at all times relevant.

### IV. CLASS ACTION

6. The named Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The members of the class are those persons have been confined in the Vigo County Jail from approximately March 2020 to the date of this Complaint, and who may be confined in the Vigo County Jail in the future.

7. The requirements of Rule 23 are met:

a. The class consists of at least fifty-two (52) persons.

b. There are questions of law and fact common to the class, to-wit:

   (i) whether the conditions, practices and policies of the defendants deprived Plaintiffs and the class of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

   (ii) whether the conditions, practices, and policies of the defendants deprived Plaintiffs and the

class of their right to be free from cruel and inhuman punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

(iii) whether the conditions, practices, and policies of the defendants deprives Plaintiffs and the class of rights and privileges guaranteed to them by the First Amendment to the United States Constitution.

(iv) Whether the conditions, practices and policies of the defendants, deprives Plaintiffs and the class of equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

c. The representative Plaintiffs will fairly and adequately protect the interests of the class, inasmuch as they have no interests which are antagonistic to the interests of other class members, and they are represented by counsel.

d. Finally, the parties opposing the class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

## IV. DEFENDANTS

8. Defendant John Plasse is the duly elected Sheriff of Vigo County, Terre Haute, Indiana. He has statutory responsibility for maintaining and managing the Vigo County Jail. Plasse is responsible for the care, treatment, and protection of the basic rights of the inmates of the Vigo County Jail. He has willfully and wantonly failed to maintain his duty to protect the welfare of the Plaintiff; and have failed to maintain minimum constitutional standards and continues to do so.

9. The other Defendants are employees of the Vigo County Jail, also charged with the exclusive care and custody of the Plaintiffs. They too have willfully and wantonly failed to maintain the minimum constitutional standards and continue to do so.

## III. FACTUAL ALLEGATIONS

10. Plaintiffs assert their claims for violation of their Fourteenth, Fourth and Eighth Amendment Rights.

11. In late-March of 2020, Indiana Governor Eric Holcomb, in response to the widespread contagion of the Covid virus in Indiana – and in the best interests of the general public -- ordered all residents of Indiana to "stay at home" for two weeks.

12. Throughout 2020, Regimens were put in place to protect all elements of the general public, including prisoners in state and county jails throughout the State of Indiana. The relevant policies to follow were guidelines issued by the Center for Disease Control (CDC) and the Indiana State Department of Health (IDSH).

13. Prior to December 4, 2020, Plasse had made public statements that "there were no Covid cases in the Vigo County Jail," and that the Vigo County Jail followed all policies applicable to the Covid virus.

14. On December 4, 2020, Frederick Whitlock, an inmate in the Jail, collapsed and died. Prior to his death, Whitlock had told the Defendants that he had Covid. He had many of the symptoms, including cough, weakness, difficulty breathing and fever. Other inmates, including some of the Plaintiffs in this action, also informed the jail of Whitlock's deteriorating condition. Inmates also informed the Jail that Covid was rampant in the Jail.

15. Several days after Whitlock's death, an autopsy was done on his body, and it was concluded that Whitlock died of causes related to Covid.

16. Finally, after Whitlock's death, Plasse had all inmates tested for Covid. Over one-half of the inmates tested positive.

17. Despite these test results indicating widespread contraction in the jail, the Defendants continued irresponsible practices that resulted in inmates' further exposure to Covid. Many inmates suffered through the worse symptoms of Covid, the same as Frederick Whitlock.

18. Inmates reported a gross failure by Defendant's to utilize masks in the Jail. In fact, use of masks was discouraged.

19. Inmates reported Defendants' blatant refusal to provide or use hand sanitizer.

20. Inmates report irresponsible and irrational methods of quarantine, wherein inmates who have been diagnosed with Covid are placed in blocks with inmates who are both Covid-negative and unvaccinated.

21. Inmates report that Defendants have failed to comply with guidelines set forth by either the Center for Disease Control or the Indiana State Department of Health.

### IV. CAUSE OF ACTION – GROSS NEGLIGENCE

22. Defendants knew or should have known that their decisions regarding Covid would create a risk to inmates' lives. Nevertheless, Defendants proceeded with policies and actions that created a knowing risk to inmates' health and lives.

23. Defendants' gross negligence recklessly exposed Plaintiffs to the Covid contamination and illness, causing Plaintiffs to contract the virus, suffer symptoms, and experience undue infliction of emotional harm, undue anxiety, and fear of death.

### V. CAUSE OF ACTION – VIOLATION OF CONSTITUTIONAL RIGHTS

24. The named Defendants' deliberate actions have deprived Plaintiffs and the class of a safe, decent, and humane jail environment. Further, the Defendants' decisions and actions towards Plaintiffs in regard to Covid policies and practice have, in effect, punished each inmate by unduly exposing Plaintiffs to a potentially deadly virus. Said punishment constituted a violation of inmates' rights under the Eighth and Fourteenth Amendments of the United States Constitution.

25. Defendants' failure to comply with CDC and ISDH guidelines denied Plaintiffs of their fundamental right to be cared for and protected in a lawful and humane manner in violation of their rights to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution.

25. Plaintiffs and the class have suffered and will continue to suffer irreparable and immediate mental and physical harm until such time as the Court orders the Vigo County Jail to adopt practices that offer Plaintiffs humane, reliable, and stable practices to protect them from the Covid virus.

WHEREFORE, Plaintiffs respectfully pray on behalf of themselves and on behalf of all other persons similarly situated, that this Court:

26. Assume jurisdiction of this action and set this cause down promptly for a hearing.

27. Determine as soon as possible, pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, that this action may be maintained as a class action.

28. Enter a final judgment, pursuant to 28 U.S.C. §2201 and §2202 and Rule 54 of the Federal Rules of Civil Procedure, declaring that the conditions, rules, and policies of Defendants as set forth in this Complaint deprive Plaintiffs and the class of the right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

29. Enter a preliminary injunction, to be later made permanent, prohibiting defendants, their employees, agents, successors in office, and all other persons in active concert with them from continuing to employ actions and policies that deprive Plaintiffs and the class, as set forth in the Complaint, of their rights to due process of law as guaranteed to them by the Fifth and Fourteenth Amendments of the United States Constitution; of the rights guaranteed to Plaintiffs and the class under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

30. Award damages to Plaintiff, with said damages determined at trial.

31. Grant Plaintiffs the costs of this action, including attorney's fees, and such other relief as this Court deems just and proper in the premises.

Submitted this ___ day of December 2021.

                                                               _____
William R. Morris, Jr., Bar No. 31433-53
Attorney for Plaintiffs
405 W. 6th Street, Suite I
Bloomington, IN  47404
812-822-1232
Wimorris.attorney@gmail.com

**<u>PLAINTIFFS DEMAND A JURY TRIAL</u>**